IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 07-10117-CIV-MOORE

CELESTE BRUNO

    Plaintiff,

v.

MONROE COUNTY,

    Defendant.

_____/

## ORDER DENYING DEFENDANT'S MOTION FOR JUDGMENT AS A MATTER OF LAW; DENYING DEFENDANT'S MOTION FOR A NEW TRIAL AND FOR RELIEF FROM JUDGMENT

THIS CAUSE came before the Court upon Defendant's Motion for Judgment as a Matter of Law (dkt # 63) and Defendant's Motion for a New Trial and for Relief from Judgment (dkt # 65)

UPON CONSIDERATION of the Motions, the pertinent portions of the record, and being otherwise fully advised in the premises, the Court enters the following Order.

## I. BACKGROUND

The facts of this case are set forth in this Court's Summary Judgment Order dated September 18, 2008 (dkt # 40). Trial was held and the jury returned a verdict in favor of Plaintiff Celeste Bruno ("Bruno") for $48,400. Final Judgment (dkt # 62).

## II. ANALYSIS

    A.    Motion for Judgment as a Matter of Law

Monroe County seeks judgment as a matter of law in its favor on grounds that it is entitled to a Faragher defense and because Bruno failed to prove that she was subjected to a

hostile work environment. When ruling on a motion for judgment as a matter of law, a court must "consider all the evidence in the light most favorable to the non-moving party, and independently determine whether the facts and inferences point so overwhelmingly in favor of the movant . . . that reasonable people could not arrive at a contrary verdict." Webb-Edwards v. Orange County Sheriff's Office, 525 F.3d 1013, 1029 (11th Cir. 2008) (quoting Johnson Enters. of Jacksonville, Inc. v. FPL Group, Inc., 162 F.3d 1290, 1308 (11th Cir. 1998)) (internal quotation marks and citation omitted). The court must "affirm the jury verdict unless there is no legal basis upon which the jury could have found for the [non-moving party]." Telecom Technical Servs. Inc. v. Rolm Co., 388 F.3d 820, 830 (11th Cir. 2004).

        1.     Faragher Defense

Defendant Monroe County contends that judgment as a matter of law is warranted because Monroe County is entitled to a Faragher defense. Under the Faragher defense, an employer avoids liability for a hostile work environment claim if: "(1) it 'exercised reasonable care to prevent and correct promptly any sexually harassing behavior'; and (2) the employee 'unreasonably failed to take advantage of any preventive or corrective opportunities [it] provided.'" Baldwin v. Blue Cross/Blue Shield of Ala., 480 F.3d 1287, 1303 (11th Cir. 2007) (quoting Faragher v. City of Boca Raton, 524 U.S. 775, 807 (1998)). A showing that an employer has a sexual harassment policy does not automatically satisfy the first prong of the Faragher defense. However, "where an employer promulgates a comprehensive anti-harassment policy, one that is effectively communicated to employees and that contains reasonable complaint procedures -- the employer has satisfied its burden on the prevention prong of the first element." Minix v. Jeld-Wen, Inc., 237 Fed. Appx. 578, 584 (11th Cir. 2007).

Here, the jury found (1) that Monroe County failed to exercise reasonable care to prevent and promptly correct any sexually harassing behavior, and (2) that Bruno unreasonably failed to take advantage of any preventive or corrective opportunities provided by Monroe County to avoid or correct the harm.  Jury Verdict, ¶¶ 4-5 (dkt # 60).[1]  Monroe County contends that, viewing the evidence in the light most favorable to Bruno, a reasonable person could not conclude that Monroe County failed to exercise reasonable care to prevent and promptly correct any sexually harassing behavior.

Monroe County demonstrated that it had a sexual harassment policy in place that applies to all employees, agents and third-parties.  The sexual harassment policy requires any covered person who experiences harassment to promptly report the incident to a Department Head, Human Resources Director, or County Administrator.  The policy also states that violation of the policy will subject an employee to disciplinary action including possible termination, and may result in a non-employee being barred from County premises.  This sexual harassment policy was communicated to Bruno.  Monroe County presented evidence that it had a history of enforcing the sexual harassment policy when it received reports of sexual harassment.  Monroe County also established that no one had previously made a formal complaint of sexual harassment against Charles "Sonny" McCoy ("McCoy").

The relevant question here is whether Monroe County's sexual harassment policy, and its prior enforcement of the policy, satisfies the prevention and correction prong of the Faragher

---

[1] To the extent that these findings appear inconsistent, any inconsistency can be reconciled by construing the jury's verdict as finding that Monroe County's policy was ineffective to prevent sexual harassment under the circumstances, but even so, Bruno reasonably should have availed herself of the policy, even given its defects.

defense. The answer turns, in part, on whether the sexual harassment policy provided adequate protection from sexual harassment to a reasonable person similarly situated to Bruno. The sexual harassment policy stated that it would be enforced by means of disciplinary action towards any employee who violates the policy. Thus, under the terms of the policy, without considering whether Monroe County has the ability to discipline an elected official, McCoy was not subject to disciplinary action or termination because he was an elected official, not an employee of the County. As a non-employee, the policy stated that enforcement would occur by barring an individual who violates the policy from County property. However, while the evidence suggested that the sexual harassment policy covered McCoy as an agent, no evidence was presented that Monroe County could have barred an elected official from County property. Thus, a reasonable person could conclude that the policy was effective as to employees, agents, and other third-parties, but ineffective with respect to elected officials.

Monroe County argues that even if it lacked the ability to discipline or terminate McCoy, the sexual harassment policy was still effective because Monroe County could have removed Bruno from her position with McCoy and provided her with a comparable position. In fact, once Bruno made a complaint of sexual harassment with Monroe County, the County responded by providing her with a position as an Executive Assistant with a different County Commissioner. Even so, Bruno had no assurance, or even reason to believe, that Monroe County would provide her with a comparable position within the County if she filed a sexual harassment complaint against McCoy. The sexual harassment policy states that harassment will be addressed by ensuring that the person violating the policy ceases the offending conduct by imposing disciplinary measures. The policy does not suggest that Monroe County would respond to a

4

sexual harassment complaint by providing the complaining party with another position in cases where the stated enforcement mechanism is inapplicable. Thus, a reasonable person could conclude that, with respect to a person similarly situated to Bruno, the sexual harassment policy was ineffective under the circumstances because Monroe County did not have a policy with reasonable complaint procedures for complaints against elected officials and that the County therefore failed to exercise reasonable care to prevent sexual harassment from occurring.[2] Therefore, judgment as a matter of law in favor of Monroe County is not warranted.

2. Hostile Work Environment

This Court finds that a reasonable person could conclude that McCoy's conduct was sufficiently severe or pervasive to constitute a hostile work environment. Bruno's testimony concerning the frequency of the complained of conduct, and its severity, particularly McCoy's inquiries concerning Bruno's marital sex life, his sexually explicit stories, and the verbalization

---

[2] Plaintiff also attempted to demonstrate that Monroe County did not have an effective sexual harassment policy because certain Monroe County employees believed that McCoy had a history of inappropriate conduct towards previous female employees but failed to take any action to address McCoy's conduct. As an initial matter, the evidence presented that suggests knowledge on the part of certain Monroe County employees concerning McCoy's history of inappropriate conduct towards women is insufficient to put the County on notice that Bruno herself was subject to sexual harassment by McCoy. Moreover, in light of the evidence that certain Monroe County employees were concerned about McCoy's behavior towards women, and the absence of a sexual harassment complaint by any woman who worked for, or was associated with, McCoy in his capacity as an elected official, the County was not required to take action to address or remedy conduct that was only rumored or believed by some to exist. Were that the rule, to avoid liability every employer would be required to investigate and address every rumor of inappropriate conduct, even in the face of an alleged victim who denies that any such offensive conduct occurred. Therefore, a reasonable person could not conclude that the evidence presented of knowledge by Monroe County employees concerning McCoy's inappropriate conduct towards women put Monroe County on notice of any sexual harassment of Bruno by McCoy, nor that such knowledge rendered Monroe County's sexual harassment policy ineffective.

of his desire to slap her buttocks, were sufficient to allow a reasonable person to conclude that a hostile work environment existed. Accordingly, judgment as of matter of law in favor of Monroe County is not warranted.

      B.    <u>Motion for a New Trial and for Relief from Judgment</u>

Monroe County argues that it is entitled to a new trial and/or relief from judgment based on newly discovered evidence. A motion for a new trial under Rule 59 must be filed within 10 days of the entry of judgment and a court may not extend this deadline. F. R. Civ. P. 59(b); 6(b)(2). Therefore, this Court construes this motion as a motion for relief from judgment pursuant to Rule 60(b). To succeed on this motion, Monroe County is required to establish the following: "(1) the evidence must be newly discovered since the trial; (2) due diligence on the part of the movant to discover the new evidence must be shown; (3) the evidence must not be merely cumulative or impeaching; (4) the evidence must be material; and (5) the evidence must be such that a new trial would probably produce a new result." <u>Slip-N-Slide Records, Inc. v. TVT Records, LLC</u>, No. 05-21113-CIV (EGT), 2007 WL 4218994, at *3 (S.D. Fla. Nov. 28, 2007). Monroe County claims that these elements are satisfied by a Valentines Day card from Bruno to McCoy and evidence suggesting that the framing of a Don Quixote print that Bruno gave to McCoy for Christmas was paid for by Bruno, contrary to Bruno's testimony at trial.

The Valentines Day card was undated. Bruno wrote on the card: "Mayor- They say French is the language of love - <u>YOU</u> would know! Happy Valentines Day, Celeste." This evidence is merely cumulative. The Valentines Day card is cumulative because the jury heard evidence that Bruno gave McCoy a Christmas gift approximately three months before she left her position with McCoy and still rendered a verdict in her favor. It is also unclear that evidence that

6

she gave him this Valentines Day card, either in February of 2005, her first month on the job, or in February of 2006, the month before she left her position with McCoy, would probably change the outcome of the trial.

After trial, Monroe County obtained evidence suggesting that the framing of a Don Quixote print that Bruno gave to McCoy for Christmas was paid for by Bruno, contrary to her testimony at trial. The County obtained the receipt for the print's framing from Ben Franklin Crafts. Monroe County could have obtained this receipt at any time prior to trial. The fact that the issue of who paid for the print's framing was not in dispute prior to trial does not relieve Monroe County of its burden of having acquired the evidence prior to trial. This evidence is also cumulative of the evidence that Bruno gave McCoy the print itself. Therefore, Monroe County did not exercise due diligence to discover the new evidence, and it is unclear that this evidence would probably change the outcome of the trial. Nor is this evidence sufficient to satisfy Rule 60(b)(3). Accordingly, Monroe County is not entitled to a new trial or relief from judgment.

### IV. CONCLUSION

For the forgoing reasons, it is

ORDERED AND ADJUDGED that Defendant's Motion for Judgment as a Matter of Law (dkt # 63) and Defendant's Motion for a New Trial and for Relief from Judgment (dkt # 65) are DENIED.

DONE AND ORDERED in Chambers at Miami, Florida, this 31st day of August, 2009.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

cc:   All Counsel of Record